GREGORY S. CORDREY (Bar No. 190144)
*gcordrey@jmbm.com*
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
REMI T. SALTER (Bar No. 316327)
*rsalter@jmbm.com*
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff Theragun, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERAGUN, LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>PECHIKO DESIGNS LLC DBA ALYNE, a California corporation,<br><br>          Defendant. | Case No.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. D849,260, D849,261, D850,640 AND D837,636**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Theragun, LLC ("Plaintiff" or "Theragun") brings this action against defendant Pechiko Designs LLC dba Alyne ("Defendant" or "Alyne").

## THE PARTIES

1.       Plaintiff is a Delaware limited liability company with its principal place of business at 2803 Colorado Avenue, Santa Monica, CA 90404.

2.       Plaintiff is informed and believes and based thereon alleges that Defendant is a limited liability company organized under the laws of the State of California with a principal place of business at 2055 Adams Avenue, San Leandro, California 94577.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a)-(b) because it involves substantial claims arising under the patent laws.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

**GENERAL ALLEGATIONS**

6. On May 21, 2019, the United States Patent and Trademark Office issued United States Patent Number D849,260, entitled "Massage Element" (hereinafter "the '260 Patent"). A true and correct copy of the '260 Patent is attached hereto as Exhibit 1.

7. Theragun is the assignee of the '260 Patent.

8. The '260 Patent pertains to a particular ornamental design for an attachment head for percussive massage devices. The attachment head disclosed and claimed in the '260 Patent includes several ornamental features, including a circular dome-shaped head that comes to a "flattened" point. The dome-shaped head is placed atop a bottom piece that decreases in radius as it approaches the dome-shaped head. The bottom piece has a circular rounded ridge extending beyond the circumference of the dome-shaped head. The bottom piece nests under the dome-shaped head and, because of its unique shape relative to the dome-shaped head, forms a crevice or slot between the dome-shaped head and the bottom piece. A second embodiment in the '260 patent includes the same ornamental features discussed above in this paragraph and also includes a rim extending downwardly from the bottom piece. The rim includes a circular ridge extending downwardly therefrom. The rim also includes an opening that extends upwardly into the bottom piece. The opening includes two opposing rounded sides interposed with two

1  opposing flat sides. The ridge surrounds the opening. These ornamental features,
2  among others, give the attachment its distinct patented design.
3        9.    On May 21, 2019, the United States Patent and Trademark Office
4  issued United States Patent Number D849,261, entitled "Massage Element"
5  (hereinafter "the '261 Patent"). A true and correct copy of the '261 Patent is
6  attached hereto as Exhibit 2.
7        10.   Theragun is the assignee of the '261 Patent.
8        11.   The '261 Patent pertains to a particular ornamental design for an
9  attachment head for percussive massage devices. The attachment head disclosed and
10 claimed in the '261 Patent includes several ornamental features, including a unique
11 cone shape with a rounded point that includes a rim extending upwardly therefrom
12 that has a smaller diameter than the top of the cone. The rim includes a circular
13 ridge extending upwardly therefrom. The rim also includes an opening that extends
14 downwardly into the cone. The opening includes two opposing rounded sides
15 interposed with two opposing flat sides. The ridge surrounds the opening. These
16 ornamental features, among others, give the attachment its distinct patented design.
17       12.   On June 4, 2019, the United States Patent and Trademark Office issued
18 United States Patent Number D850,640, entitled "Massage Element" (hereinafter
19 "the '640 Patent"). A true and correct copy of the '640 Patent is attached hereto as
20 Exhibit 3.
21       13.   Theragun is the assignee of the '640 Patent.
22       14.   The '640 Patent pertains to a particular ornamental design for an
23 attachment head for percussive massage devices. The attachment head disclosed and
24 claimed in the '640 Patent includes several ornamental features, including a
25 spherical shape that includes a rim extending upwardly from the top of the sphere.
26 The rim includes a circular ridge extending upwardly therefrom. The rim also
27 includes an opening that extends downwardly into the sphere. The opening includes
28 two opposing rounded sides interposed with two opposing flat sides. The ridge

1 surrounds the opening. These ornamental features, among others, give the
2 attachment its distinct patented design.
3   15. On June 4, 2019, the United States Patent and Trademark Office issued
4 United States Patent Number D837,636, entitled "Connector" (hereinafter "the '636
5 Patent"). A true and correct copy of the '636 Patent is attached hereto as Exhibit 4.
6   16. Theragun is the assignee of the '636 Patent.
7   17. The '636 Patent pertains to a particular ornamental design for an
8 attachment device for percussive massage devices. The attachment device disclosed
9 and claimed in the '636 Patent includes several ornamental features, including a rim
10 at the top thereof that has a generally cylindrical shaped portion with a tapered tip
11 extending downwardly therefrom. The tapered tip ends in a flat surface that has an
12 opening therein that includes two opposing rounded surfaces interposed with two
13 opposing flat surfaces. Two domed shaped portions extend from the attachment
14 device on opposing sides at the distal end of the tapered tip. These ornamental
15 features, among others, give the attachment its distinct patented design.
16   18. Theragun is in the business of developing, manufacturing and selling
17 percussive therapy devices. Theragun invests considerable time, effort and money in
18 developing and protecting its intellectual property.  Theragun's patented and patent-
19 pending devices are innovative and have received industry praise and recognition,
20 including the 2019 A' Design Award in Digital and Electronic Devices Design for
21 its Theragun G3PRO design.
22   19. Theragun is informed and believes and based thereon alleges that
23 Defendant began competing with Plaintiff in the percussive massage device industry
24 by manufacturing and selling percussive massage devices equipped with a nearly
25 identical attachment device to the design claimed in the '636 Patent (hereinafter the
26 "Infringing Attachment Device"). The percussive massage devices that include the
27 Infringing Attachment Device are packaged and sold with three attachment heads.
28 The first of the three head attachments is nearly identical to the head attachment

claimed in the '260 Patent (the "First Infringing Attachment"). The second of the three head attachments is nearly identical to the head attachment claimed in the '261 Patent (the "Second Infringing Attachment"). The third of the three head attachments is nearly identical to the head attachment claimed in the '640 Patent (the "Third Infringing Attachment"). All three infringing attachments are referred to together herein as the "Infringing Attachments." On June 10, 2019, Theragun first saw Defendant's Infringing Attachments and the Infringing Attachment Device in a social media advertisement. Since then, Theragun has seen Defendant's Infringing Attachments and the Infringing Attachment Device being promoted in a number of locations, including on Defendant's website at www.alyne.co and on social media (see image below).



20. The Infringing Attachments and the Infringing Attachment Device are integral to Defendant's product, as shown in the screengrab below from the Defendant's website. From this, it is apparent that Defendant has been actively advertising its Infringing Attachments and its Infringing Attachment Device, touting the product throughout a variety of markets and to numerous audiences. Theragun is informed and believes that Defendant sells its Infringing Attachments and its Infringing Attachment Device in the same marketing channels as Theragun, including online through its website and through social media advertising.



21. On June 11, 2019, Theragun notified Defendant by letter that their attachment device and attachment heads infringe Theragun's '260, '261, '640 and '636 Patents and demanded that Defendant immediately cease the manufacture, offer for sale, sale, use and importation of the Infringing Attachments and its Infringing Attachment Device. On June 26, 2019 Defendant acknowledged receipt of Theragun's letter and stated it would respond by July 8, 2019. Defendant indeed responded, but Defendant did not state that it would immediately cease its infringing

1  activities.

2  22. On June 26, 2019, Theragun responded to Defendant and asked if
3  Defendant would agree to hold its inventory and stop selling and marketing the
4  alleged infringing product until the matter is resolved. On June 27, 2019, Defendant
5  responded that they preferred to look into the substance of a letter from a competitor
6  regarding any alleged infringement, particularly with regard to a pending
7  application, before undertaking any commercially significant steps. It also did not
8  state that it would immediately cease its infringing activities.

9  23. Notwithstanding Plaintiff's demand and in conscious disregard of
10 Plaintiff's intellectual property rights as set forth herein, Defendant has continued to
11 use the Infringing Attachments and its Infringing Attachment Device in conjunction
12 with its percussive massage devices and in direct competition with Plaintiff.

## FIRST CAUSE OF ACTION

**Patent Infringement of the '260 Patent (35 U.S.C. §§ 101 et seq.)**

15 24. Plaintiff realleges and incorporates by reference all paragraphs above as
16 if fully set forth herein.

17 25. At all times herein mentioned the '260 Patent was and is valid and fully
18 enforceable.

19 26. As shown below, a side by side comparison of Plaintiff's '260 Patent
20 and Defendant's Infringing Attachment quickly reveals that the First Infringing
21 Attachment appears substantially the same as Plaintiff's '260 Patent to an ordinary
22 observer, the resemblance is such as to deceive such an observer, inducing him to
23 purchase one supposing it to be the other:



Plaintiff's '260 Patent     Defendant's First Infringing Attachment

27. Defendant has and continues to directly infringe the '260 Patent by making, using, offering for sale, selling and importing the First Infringing Attachment in conjunction with percussive massage devices competitive to Plaintiff.

28. Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

29. At no time has Plaintiff granted Defendant authorization, license, or permission to utilize the design claimed in the '260 Patent.

30. Plaintiff has been damaged by Defendant's acts of infringement of the '260 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

31. Plaintiff is, and has been, irreparably harmed by Defendant's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First Infringing Attachment becomes entrenched

with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Theragun enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Theragun's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendant's Infringing Attachment being sold at a price point lower than Theragun's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First Infringing Attachment, and (8) Defendant's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

32. Defendant's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the enhancement of damages pursuant to 35 U.S.C. § 284.

## SECOND CAUSE OF ACTION

**Patent Infringement of the '261 Patent (35 U.S.C. §§ 101 et seq.)**

33. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

34. At all times herein mentioned the '261 Patent was and is valid and fully enforceable.

35. As shown below, a side by side comparison of Plaintiff's '261 Patent and Defendant's Infringing Attachment quickly reveals that the Second Infringing Attachment appears substantially the same as Plaintiff's '261 Patent to an ordinary observer, the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other:

**Plaintiff's '261 Patent**     **Defendant's Second Infringing Attachment**

36. Defendant has and continues to directly infringe the '261 Patent by making, using, offering for sale, selling and importing the Second Infringing Attachment in conjunction with percussive massage devices competitive to Plaintiff.

37. Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

38. At no time has Plaintiff granted Defendant authorization, license, or permission to utilize the design claimed in the '261 Patent.

39. Plaintiff has been damaged by Defendant's acts of infringement of the '261 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

40. Plaintiff is, and has been, irreparably harmed by Defendant's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second Infringing Attachment becomes

entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Theragun enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Theragun's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendant's Second Infringing Attachment being sold at a price point lower than Theragun's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Second Infringing Attachment, and (8) Defendant's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

41.   Defendant's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the enhancement of damages pursuant to 35 U.S.C. § 284.

## THIRD CAUSE OF ACTION

**Patent Infringement of the '640 Patent (35 U.S.C. §§ 101 et seq.)**

42.   Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

43.   At all times herein mentioned the '640 Patent was and is valid and fully enforceable.

44.   As shown below, a side by side comparison of Plaintiff's '640 Patent and Defendant's Infringing Attachment quickly reveals that the Third Infringing Attachment appears substantially the same as Plaintiff's '640 Patent to an ordinary observer, the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other:



**Plaintiff's '640 Patent**      **Defendant's Third Infringing Attachment**

45. Defendant has and continues to directly infringe the '640 Patent by making, using, offering for sale, selling and importing the Third Infringing Attachment in conjunction with percussive massage devices competitive to Plaintiff.

46. Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

47. At no time has Plaintiff granted Defendant authorization, license, or permission to utilize the design claimed in the '640 Patent.

48. Plaintiff has been damaged by Defendant's acts of infringement of the '640 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

49. Plaintiff is, and has been, irreparably harmed by Defendant's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Third Infringing Attachment becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first

mover advantage that Theragun enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Theragun's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendant's Third Infringing Attachment being sold at a price point lower than Theragun's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Third Infringing Attachment, and (8) Defendant's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

50. Defendant's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the enhancement of damages pursuant to 35 U.S.C. § 284.

## FOURTH CAUSE OF ACTION

**Patent Infringement of the '636 Patent (35 U.S.C. §§ 101 et seq.)**

51. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

52. At all times herein mentioned the '636 Patent was and is valid and fully enforceable.

53. As shown below, a side by side comparison of Plaintiff's '636 Patent and Defendant's Infringing Attachment quickly reveals that the Infringing Attachment Device appears substantially the same as Plaintiff's '636 Patent to an ordinary observer, the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other:

FIG. 1

**Plaintiff's '636 Patent**          **Defendant's Infringing Attachment Device**

54. Defendant has and continues to directly infringe the '636 Patent by making, using, offering for sale, selling and importing the Infringing Attachment Device in conjunction with percussive massage devices competitive to Plaintiff.

55. Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

56. At no time has Plaintiff granted Defendant authorization, license, or permission to utilize the design claimed in the '636 Patent.

57. Plaintiff has been damaged by Defendant's acts of infringement of the '636 Patent and Plaintiff will continue to be damaged by such infringement unless enjoined by this Court. Plaintiff is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

58. Plaintiff is, and has been, irreparably harmed by Defendant's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Attachment Device becomes entrenched

with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Theragun enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Theragun's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendant's Infringing Attachment Device being sold at a price point lower than Theragun's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Attachment Device, and (8) Defendant's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

59. Defendant's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the enhancement of damages pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an order finding that the '260, '261, '640 and '636 Patents are valid and enforceable;

B. For an order finding that Defendant has infringed the '260, '261, '640 and '636 Patents directly, literally or by equivalents, in violation of 35 U.S.C. § 271;

C. For an order finding that Defendant's infringement of the '260, '261, '640 and '636 Patents is willful;

D. For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the 260, '261, '640 and '636 Patents directly, contributorily and/or by inducement, in

1  violation of 35 U.S.C. § 271;

2      E.    For an order directing Defendant to file with the Court, and serve upon Theragun's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

    F.    For an order awarding Theragun damages adequate to compensate Theragun for the infringement by Defendant, including disgorgement of profits or gains of any kind made by Defendant from its infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate under 35 U.S.C. § 284;

    G.    For an order awarding Theragun pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

    H.    For an order requiring an accounting of the damages to which Theragun is found to be entitled;

    I.    For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding Theragun its attorneys' fees;

    J.    For an order awarding Theragun its costs of court; and

    K.    Granting Theragun such other and further relief as the Court may deem just and proper.

DATED: July 2, 2019    GREGORY S. CORDREY
    ROD S. BERMAN
    REMI T. SALTER
    JEFFER MANGELS BUTLER & MITCHELL LLP

By:    */s/ Remi T. Salter*
    REMI T. SALTER
    Attorneys for Plaintiff Theragun, LLC

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED: July 2, 2019

GREGORY S. CORDREY
ROD S. BERMAN
REMI T. SALTER
JEFFER MANGELS BUTLER & MITCHELL LLP


By:    */s/ Remi T. Salter*
REMI T. SALTER
Attorneys for Plaintiff Theragun, LLC